IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA E. GARNES, et al.,

        Plaintiffs,

v.                                               CIVIL ACTION NO. 2:18-cv-01520

BIOMET ORTHOPEDICS, LLC

        Defendant.

MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the court is a Motion to Dismiss [ECF No. 87] filed by Defendant Zimmer Biomet Holdings, Inc. ("Zimmer"). The deadline to file a response to the Motion has passed, and, as of the date of this Order, the plaintiffs still have not filed a response. For the reasons that follow, the Motion is **GRANTED**.

## II. Background

This product liability action involves the alleged failure of a Biomet M2a-38 hip implant. The plaintiffs' First Amended Complaint ("Amended Complaint") [ECF No. 84] filed on February 19, 2019 raises claims of strict product liability, negligence, breach of implied warranties, breach of express warranty, and a violation of the West Virginia Consumer Credit and Protection Act against several defendants. The Amended Complaint asserts claims against Zimmer based on allegations that "each

Defendant" in the action was an alter ego of each other entity and was engaged in a single venture. The Amended Complaint alleges that Zimmer is an Indiana corporation with its principal place of business in Indiana. On March 11, 2019, Zimmer moved to dismiss the Amended Complaint for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

### III. Legal Standard

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). "The facts pertinent to defendants' motion to dismiss are appropriately derived from the complaint, exhibits attached to the complaint, matters of public record, and the affidavits defendants submitted to challenge the existence of personal jurisdiction." *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel*, 283 F. Supp. 3d 519, 520 n.1 (E.D. Va. 2017); *see also Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (finding that courts may consider affidavits in assessing whether personal jurisdiction exists).

For a district court to validly assert personal jurisdiction over a non-resident

---

[1] Although the court decides this Motion on the merits, courts have held that a motion to dismiss may be properly granted without reaching the merits where, as in this case, the plaintiffs fail to respond. *See Osborne v. Long*, No. 1:11-cv-00070, 2012 WL 851106, at *10 n.5 (S.D. W. Va. Mar. 13, 2012) (referencing authority for the proposition that federal courts may grant a motion to dismiss without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession to that motion, or that dismissal is appropriate as a sanction for failure to prosecute).

defendant, two conditions must be satisfied. *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). First, a state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant. *Id.* Second, the court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." *Id.* "Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." *Id.* at 627–28 (citing *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir. 1987)). Consequently, the statutory inquiry merges with the constitutional inquiry, and the two inquires essentially become one. *See id.* The court's inquiry therefore centers on whether exercising personal jurisdiction over Zimmer is consistent with the Due Process Clause.

"A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Whether a defendant possesses such minimum contacts is analyzed by looking to whether the plaintiff seeks to establish 'specific' or 'general' jurisdiction." *Byard v. Verizon W. Va., Inc.*, No. 1:11CV132, 2012 WL 1085775, at *8 (N.D. W. Va. Mar. 30, 2012). Specific jurisdiction occurs when the

3

defendant's contacts with the forum state form the basis of the suit. *Carefirst*, 334 F.3d at 397. In contrast, where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. *Id.*

IV. Discussion

The court finds that the plaintiffs have failed to establish that this court has either specific or general jurisdiction over Zimmer.

### a. Specific Jurisdiction

The Fourth Circuit has applied a three-part test to determine whether specific jurisdiction exists: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004). The "touchstone" of the specific jurisdiction analysis is whether the defendant "engaged in some activity purposefully directed toward the forum state." *In re Celotex*, 124 F.3d at 629.

Here, the plaintiffs have not alleged that Zimmer had any relationship to the M2a-38 hip implant at issue in this case or that Zimmer engaged in any activity purposefully directed toward West Virginia. Plaintiff Sandra E. Garnes was implanted with a Biomet M2a-38 device in 2008. However, Zimmer had no ownership or control of any Biomet entity until June 2015 and thus had no role in the design, manufacture, promotion, sale, or distribution of the Biomet hip device at issue. *See*

Decl. Matthew T. Albaugh [ECF No. 87-1] ("Albaugh Declaration"), Ex. A. Moreover, a search of the West Virginia Secretary of State's webpage shows that Zimmer is not registered to do business in West Virginia. *See id.* at 2. The court finds that exercising specific jurisdiction under these circumstances would not be constitutionally reasonable.

### b. General Jurisdiction

Even where a plaintiff's cause of action does not arise from the defendant's contacts with the forum state so as to provide specific jurisdiction, general jurisdiction may nevertheless be asserted over a defendant whose activities in the forum state have been "continuous and systematic." *ESAB Group, Inc. v. Centricut Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984)). The hallmark of general jurisdiction is that the defendant's contacts with the forum state are so extensive that it should reasonably foresee being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Notably, "the threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction." *Centricut*, 126 F.3d at 623. Here, the plaintiffs have not alleged any facts that may establish that Zimmer's contacts with West Virginia are continuous or systematic. Zimmer is a Delaware corporation with a principal place of business in Indiana. *See* Albaugh Decl. Further, Zimmer is not registered to do business in West Virginia. As such, Zimmer is not "essentially at home" in the forum state, and this court lacks general

jurisdiction over it. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

V.  **Conclusion**

For the foregoing reasons, it is **ORDERED** that Zimmer's Motion to Dismiss [ECF No. 87] is **GRANTED** and that Zimmer is **DISMISSED** from this action.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:   March 27, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE